**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FRANCIS EDWARD TYRRELL,** | * | |
| Petitioner, | * | |
| | * | **CIVIL ACTION NO.12-00032-KD-B** |
| vs. | * | **CRIMINAL NO. 08-00238-KD-B** |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

**ORDER**

This case is before the Court on Petitioner Francis Edward Tyrrell's habeas corpus petition and his amended petition (Docs. 67, 71) pursuant to 28 U.S.C. § 2255 and the Government's Motion to Dismiss (Doc. 75). The undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Following a complete review of this action, the undersigned finds that Tyrrell's petition should be dismissed as barred by the statute of limitations and that he is not entitled to a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.

**I.  Factual Background**

Tyrrell was charged in a three-count indictment on July 24, 24, 2009, with (1) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and Section 2256(8)(A), (2) distribution of child pornography, in violation of 18 U.S.C. § 2256(8)A), and (3) a forfeiture count. (Doc. 10). On September 13, 2008, Tyrrell pled guilty to Counts one and two and consented to Count three; United States District Court Judge DuBose found Tyrrell guilty of the charges. (Doc. 22). On May 28, 2009, Judge DuBose sentenced Petitioner to seventy months on each count, to be served concurrently with each other. (See Minute Entry between Docs. 57 and 58). Tyrrell and his attorney signed a Notice of Non-Appeal wherein they advised the Court

that Tyrrell did not want to appeal his conviction and sentence. (Doc. 59). Judgment was entered on June 15, 2009 and docketed on June 16. 2009. (Doc. 62). Over two years later, on October 5, 2011, Judge DuBose amended the Judgment *nunc pro tunc* to correct a clerical error in Tyrrell's conviction, which incorrectly stated that he had been convicted of "distribution" of child pornography under 18 U.S.C. § 2256(8)(A), when he had actually been convicted of "receipt" of child pornography under 18 U.S.C § 2252A(a)(2) and (b)(1).[1] (Doc. 65).

Three months later, the Clerks' Office received a handwritten letter from Tyrrell, dated January 8, 2012[2], in which he informed the Court that he was "raising the issues regarding applicable law when a defendant is charged with both receipt and possession of child pornography." (Doc. 76). The Clerk's Office docketed his letter as a Motion to Vacate pursuant to 28 U.S.C. § 2255. In an Order dated February 12, 2012, the undersigned informed Tyrrell that the original Judgment was amended for the sole purpose of correcting the clerical error, not for altering his judgment, and that the handwritten paragraph was insufficient to inform the Court what relief, if any, he was requesting and directed him that if he intended to seek habeas relief to file his petition with the Court by March 2, 2012. (Doc. 68).

On March 27, 2012, Tyrrell filed a habeas petition, claiming ineffective assistance of counsel based on his counsel's information with regard to his charges and because his counsel allowed him to plead guilty to both possession and receipt of the same pornographic images. (Doc. 71 at 5, 8). On June 15, 2012, the Government filed a Motion to Dismiss Tyrrell's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, alleging that Tyrrell filed the petition outside of the one-year statute of limitations found in 28 U.S.C. § 2255(f), and he has

---

[1] According to Judge DuBose's Order this clerical error what brought to the Court's attention through correspondence from Tyrrell. (Doc. 65 at 1).

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

not established a basis for equitable tolling because the Eleventh Circuit has held that a clerical correction in a judgment does not restart the time to file an appeal. (Doc. 75). Tyrrell did not respond to the Government's motion. For the following reasons, the undersigned finds that the petition is untimely and that the Motion to Dismiss should be granted.

**II.    Analysis**

The *Anti-Terrorism and Effective Death Penalty Act of 1996* ("AEDPA") was enacted on April 24, 1996. The AEDPA added a new statutory limitations period to 28 U.S.C. § 2255. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000), *cert. den.*, 531 U.S. 971 (2000). Section 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Tyrrell has not alleged that the government impeded the filing of his 2255 motion, that a retroactive new constitutional right exists in his case, or that he discovered new evidence formerly unavailable to him. Accordingly, the Court will calculate the timeliness of his petition from the date the judgment of conviction became final. In this case, the Court entered judgment on June 15, 2009 and Tyrrell's sentence and conviction became final 14 days after it was

docketed. Fed. R. App. P. 4(1)(b)(1); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[T]he judgment of conviction became final when the time for filing an appeal expires); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). Thus, Tyrrell had until June 30, 2010 to timely file his petition. Tyrell did not file the handwritten letter to Judge DuBose until nearly two years and three months later. As a result, the petition is due to be dismissed as time-barred, unless Tyrrell is entitled to equitable tolling.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 1777 L. Ed. 2d 130 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649. See also Sandvik, 177 F.3d at 1271. The diligence required is reasonable diligence, not "maximum feasible diligence", see Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). Serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008). See also Holland, 560 U.S. at 652 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

In Tyrrell's amended petition he did not address the question regarding the timeliness of his petition. (Doc. 71 at 15). In addition, although the Court granted Tyrrell leave to file a reply to the Government's response (Doc. 74) he did not respond to the Government's assertion that his habeas corpus petition was not timely filed; thus, he has failed to meet his burden of establishing that he diligently pursued his rights and that extraordinary circumstances stood in his way. See Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("Johnson bears the burden of establishing equitable tolling."), *cert. den. sub nom*. Johnson v. McNeil, 555 U.S. 851, 129 S. Ct. 348 (2008); Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007) ("[T]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]") (quoting Wade v. Battle, 379 F.3d 1241, 1245 (11th Cir. 2004)). In addition, "[t]he Eleventh Circuit has further held that when the district court corrects an error in a criminal judgment pursuant to Fed. R. Crim. P. 36, the right to appeal the judgment does not begin anew." Rojas v. United States, 2011 U.S. Dist. LEXIS 41700 *8, 2011 WL 1467008 (S.D. Fla. March 21, 2011), *adopted*, 2011 U.S. Dist. LEXIS 41631, 2011 WL 1467226 (Ap. 18, 2011). See also United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004) (holding that the correction of a clerical error in the sentence does not permit a Petitioner whose time to appeal "has long since expired ... may not now challenge it in this appeal of the district court's Rule 36 order."). Thus, Tyrrell has failed to establish that he is entitled to equitable tolling and his petition is due to be dismissed as time-barred.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned finds that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted). *Accord* Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Tyrrell's petition does not warrant the issuance of a certificate of appealability as Tyrrell's claims are clearly time-barred, and he has failed to present extraordinary circumstances

beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned concludes that no reasonable jurist could find it debatable whether Tyrrell's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

**III.   Conclusion**

Accordingly, Tyrrell's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** as time-barred. Further, the Court finds that Tyrrell is not entitled to a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** this the **13th** day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**